## CIRCUIT COURT OF THE CITY OF RICHMOND

R. H. Griffin et al.

v.

Virginia Department
of Transportation

September 22, 1998

Case No. LB-2505-1

BY JUDGE MELVIN R. HUGHES, JR.

Following the hearing in these cases on a number of motions, the court took under advisement plaintiffs' Motion to Compel.

The motion concerns the depositions of two state government witnesses taken at the plaintiffs' instance. During the depositions plaintiffs asked the witnesses to testify regarding any conversations about the primary issue in this case, compensation for overtime work activity of Virginia highway inspectors under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Counsel for the defendant directed the witnesses to not answer questions regarding any such conversations on the ground of executive privilege.

The witnesses are David Gehr, Commissioner of the Virginia Department of Transportation, and Jack Hodge, Chief Engineer. Defendant contends that there is no right to have the witnesses testify about the decision-making process regarding highway inspector overtime. If the witnesses are required to testify, the integrity of the decision-making process by the agency head would be compromised such that, *inter alia*, there would be a reluctance on the part of government officials to discuss freely decisions they make about government business lest those decisions and the process for making them be open for disclosure in the event of litigation, such as here.

While agreeing that there is no case decision in Virginia directly establishing the principle of executive privilege, the defendants cite *Taylor v. Worrell Enterprises*, 242 Va. 219 (1991), as Virginia's recognition of the principle.

In *Taylor*, the Supreme Court was presented with the question of whether the telephone logs of the Governor of Virginia should be disclosed under the Freedom of Information Act, Va. Code §§ 2.1-340, *et seq*. An assistant to the Governor, Taylor, had denied a newspaper the information on a claim of exemption under § 21.1-542(B)(4) of the Act as "[m]emoranda, working papers, and correspondence held ... by the office of the Governor." In a footnote, numbered 3, the court observed:

[e]xecutive privilege reflects the need of the executive to withhold information requested pursuant to a legitimate exercise of governmental authority. See *Nixon v. Administrator of Gen. Sers.*, 433 U.S. 425, 447 (1977). A violation of the separation of powers doctrine — the improper invasion by one branch of government into the province of another — is not a prerequisite for the assertion of the executive privilege doctrine.

*Id*. p. 222.

Relying on the footnote, defendants contend that Virginia recognizes executive privilege and the privilege should be applied here to prevent disclosure of any and all conversations Commissioner Gehr had with others and any conversations that anyone in the department may have had in anticipation of talks with him concerning the work overtime issue in this case.

I believe, as the defendant has conceded, that there is no authority in Virginia that executive privilege applies to state government officials. The court has not been cited to any authority, case or statute, which so holds. The duty of a trial court is to determine the applicable law and apply it. In the absence of any controlling authority, the trial court has to decide the issue at hand according to how it should or would be decided.

Here, plaintiffs wanted to inquire about discussions that led to the decision to permit overtime pay for Virginia highway inspectors effective January 1, 1996. The prime issue in these cases is what, if any, entitlement the plaintiffs have for overtime from December 1994 to December 1996. So, in this context, there is no implication of the separation of powers doctrine. Nevertheless, defendant maintains, and the court agrees, this does not avoid consideration of whether executive privilege applies here.

The topic of executive privilege has been reviewed in high profile federal litigation, usually as the question bears on separation of powers. See *In re Lindsey*, 148 F.3d 1100, 1103 (D.C. Cir. 1998); *United States v. Nixon*, 418 U.S. 683 (1974). However, executive privilege has also been applied in federal court cases in situations other than those concerning communications relating

to policy formulation at the very highest level of the federal executive branch as in *Nixon*. See *Zenith Radio Corp. v. United States*, 764 F.2d 1577 (Fed. Cir. 1985). Whether the question revolves around high or low ranking officials, the courts have applied a balancing test:

> Recognition of the claim requires a delicate balancing of competing interests: the public's interest in preserving confidentiality to promote open communication necessary for an orderly functioning of the government, and the individual's need for disclosure of particular information. The question at the core of any claim of executive privilege is whether the damage resulting from disclosure outweighs the need for a just resolution of a legal dispute.

*Black v. Sheraton Corp.*, 371 F. Supp. 97, 100 (D. D.C. 1974).

As noted, the area of dispute here is plaintiffs' claim for overtime pay for a two year period. Apparently, the Commonwealth decided that after that period it would pay overtime to Virginia Highway Department inspectors for what may be the same work activity that is involved here. Under the federal law, an employer's good faith or lack of willfulness or recklessness in disregarding the Act may permit an employer to escape a claim for liquidated damages in the exercise of the court's discretion and avoid enforcement of the Act for a two year period as opposed to a three year period. 29 U.S.C. § 259; 29 U.S.C. § 255(a). In other words if a plaintiff shows his employer acted in bad faith or acted willfully or recklessly in denying overtime, then a plaintiff can seek additional damages under the Act. See *Mayhew v. Wells*, 125 F.3d 216 (4th Cir. 1997). Plaintiffs contend that they need to explore with the commissioner and others the content of their discussions to determine evidence on these defenses. According to defendant, the line of questioning may touch on the decision to pay the overtime after the disputed period.

Whatever considerations there may have been for denying overtime compensation in the past and then later allowing it may well shed light on the issue of good faith, one of the defenses. Plaintiffs should be made aware of these matters as they prepare to meet the defenses. Defendant should not be heard to complain that questions concerning the decision should not be allowed when these defenses have been asserted and are not tangential. The defendant has not indicated what particular areas of governing concerns bear on the decision or the process and what role they may have played in that process. The court cannot think of, nor has it been apprised of, the category of consideration, other than perhaps fiscal, that would drive the decision to allow or deny the overtime compensation in the face of federal law. Without being

so apprised and considering the claims and defenses, plaintiffs' need to know outweighs any claim of executive privilege.

Accordingly, the court is not convinced that the claim of executive privilege here should hold sway over plaintiffs' right to discovery based on the defenses made such that the orderly functioning of government would be compromised. Plaintiffs' motion is therefore allowed.

Plaintiffs will be allowed to redepose the witnesses and ask the questions about the decision to change the policy.